**John STAPAS, Petitioner**

v.

**GIANT EAGLE, INC., a Pennsylvania Entity; Giant Eagle, Inc., t/d/b/a GetGo from Giant Eagle, a Pennsylvania Entity; Giant Eagle Inc., t/d/b/a Southside GetGo, a Pennsylvania Entity; Nadeen McShane, an individual; GetGo Partners South, a Pennsylvania Entity; GetGo Partners South–Maryland, LLC, a Pennsylvania Entity; and GetGo Holdings, LLP, a Pennsylvania Entity, Respondents**

**No. 123 WAL 2017**

Supreme Court of Pennsylvania.

September 26, 2017

### ORDER

PER CURIAM

**AND NOW,** this 26th day of September, 2017, the Petition for Allowance of Appeal is **GRANTED** The issues, as stated by Petitioner, are:

a. Does the Superior Court's decision to reverse the trial court's finding of waiver, despite Giant Eagle's failure to object to flawed jury instructions, flawed verdict slip and/or the problematic verdict, all of which contributed to the error complained of on appeal, conflict with this Court's holding in *Straub v. Cherne Indus.*, 583 Pa. 608, 880 A.2d 561 (2005), a case not considered by the Superior Court?

b. Does the Superior Court's decision to excuse Giant Eagle's failures to object to flawed jury instructions, flawed verdict slip and/or a proble-

matic verdict, merely because the appeal is styled as a "challenge to the weight of the evidence," conflict with the timely objection requirement of *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974)?